**In the Best Interest of E.T.**

No. 04–04–00051–CV.

Court of Appeals of Texas, San Antonio.

April 28, 2004.

Ellen Eidelbach Pitluk, Attorney–Mediator & Counselor at Law, PLLC, San Antonio, for appellant.

Kevin P. Yeary, Asst. Criminal Dist. Atty., San Antonio, for appellee.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

In this appeal, E.T. contends the evidence is legally and factually insufficient to support the order authorizing the compelled administration of psychoactive medications and that she was entitled to an evaluation by an independent expert before the hearing. Because the evidence is legally insufficient to support the trial court's order, we reverse and render.

## SUFFICIENCY OF THE EVIDENCE

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications if the court finds by clear and convincing evidence that: (1) the patient is under an order for temporary or extended mental health services; (2) the patient lacks the capacity to make a decision regarding the administration of the proposed medicine; and (3) treatment with the proposed medicine is in the best interest of the patient. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (Vernon 2003). "Capacity" is defined as a patient's ability to: (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment; and (2) make a decision whether to undergo the proposed treatment. *Id.* § 574.101(1). In deciding whether to authorize psychoactive medication, the trial court shall consider: (1) the patient's expressed preferences regarding treatment with psychoactive medication; (2) the pa-

tient's religious beliefs; (3) the risks and benefits, from the perspective of the patient, of taking the psychoactive medication; (4) the consequences to the patient if the psychoactive medication is not administered; (5) the prognosis for the patient if the patient is treated with the psychoactive medication; and (6) alternatives to treatment with psychoactive medications. *Id.* § 574.106(b).

Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction about the truth of the allegations sought to be established. *In re Breeden*, 4 S.W.3d 782, 784 (Tex.App.-San Antonio 1999, no pet.). In reviewing E.T.'s legal sufficiency challenge, we review all the evidence in the light most favorable to the trial court's findings, including every reasonable inference in favor of those findings, to determine whether more than a scintilla of evidence supports the challenged findings. *Id.* at 785. In deciding whether the State met its clear and convincing burden, we will sustain a legal sufficiency challenge if the evidence is insufficient to produce in the mind of the fact-finder a firm belief or conviction as to the truth of the facts. *Id.* In considering E.T.'s factual sufficiency challenge, we will set aside the findings only if a review of all the evidence demonstrates that the evidence supporting the findings is so weak as to be clearly wrong and manifestly unjust. *Id.*

On appeal, E.T. concedes she is under an order for temporary mental health services, but she challenges the trial court's findings that she lacked the capacity to make a decision regarding the administration of the proposed medication and that the treatment was in her best interest. At the medication hearing, the only evidence before the trial court was the testimony of E.T.'s treating physician and a brief state-

ment by E.T. Neither the State nor E.T.'s attorney questioned either the physician or E.T.; instead, the trial court conducted the entire examination,[1] which is set forth below:

Q: What do you think, Dr. Engles, she should be on?

A: No, she is refusing her seroquil, her antipsychotic. And she is only taking—sometimes she takes part of the doses that are recommended for her. So she is—she is acting as her own doctor.

. . .

Q: Is there any other physician involved? I'm not trying to humor her. I just—how does it work?

. . .

Q: Obviously she doesn't need any antidepressants?

A: No, not at this time.

On appeal, the State relies on this court's opinion in *In re J.A.*, 04–02–00613–CV, 2003 WL 141148 (Tex.App.-San Antonio Jan.22, 2003, no pet.) (not designated for publication), for its argument that the trial court's order is supported by the application signed by E.T.'s treating physician for an order authorizing psychoactive medicine. The State's reliance is misplaced. The *J.A.* case involved a commitment hearing and, in that case, the trial court relied on two physician's certifications. Under those provisions of the Texas Health and Safety Code relating to commitment hearings, if the proposed pa-

tient waives her right of cross-examination, a "court may admit, as evidence, the certificates of medical examination for mental illness. The certificates admitted under this subsection constitute competent medical or psychiatric testimony, and the court may make its findings solely from the certificates." Tex. Health & Safety Code Ann. § 574.034(f). Here, we are faced with whether the evidence is sufficient to support court-ordered medication. Nothing in the Texas Health and Safety Code relating to court-ordered psychoactive medication authorizes a judge to base his findings on the physician's application. Pleadings, such as the physician's application here, are not evidence that the statutory standard has been met. *See id.* § 574.031(e) (Texas Rules of Evidence apply to proceedings on court-ordered mental health services to the extent they are not inconsistent with the Texas Health and Safety Code); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex.1995) (pleadings not evidence, even if sworn or verified).

No evidence was offered to support, and nothing in the record does support, a finding that E.T. lacked capacity or that the proposed treatment was in her best interest. Nor is there any testimony from the physician, which the court "shall consider," on the consequences to E.T. if the psychoactive medication is not administered; the prognosis for E.T. if she is treated with psychoactive medication; or the alternatives to treatment with psychoactive medication. *See* § 574.106(b)(4), (5), (6).

---

1. When E.T. raised her concern that the trial judge was biased, the judge responded, "Let's find out from the doctor what she thinks, even if I am biased towards her, which I am, as a matter of fact, biased toward doctors because she's the expert." We recognize that trial judges often ask questions from the bench, and we do not question the appropriateness of a trial judge doing so when necessary to clarify evidence or for other reasons that serve the

interests of judicial economy. However, a trial judge should not act as both State's attorney and patient's attorney because a judge is not an advocate. It is the State's obligation—not the trial court's—to prove its case, and it is the patient's attorney's obligation to advocate on his or her client's behalf. These obligations cannot be met if the trial judge endeavors to carry the State's burden of proof.

The only evidence in the record related to the issue of capacity came from E.T. herself when she explained she took 200 milligrams, instead of the prescribed 600 milligrams, because the seroquil was too strong, it caused her to stagger, and gave her heart palpitations, nausea, and dizziness. Finally, a patient is entitled to "oral notification, at the conclusion of the hearing, of the court's determinations of the patient's capacity and best interest." *Id.* § 574.105(7). No such notification was provided by the trial court.

## CONCLUSION

We conclude that the evidence is legally insufficient to support the trial court's findings that E.T. lacked the capacity to make a decision regarding the administration of the proposed medication and that the treatment with the proposed medication was in E.T.'s best interest. We sustain E.T.'s first issue, and we decline to address her second and third issues as they are not dispositive of this appeal. TEX.R.APP. P. 47.1. We reverse the trial court's order and render judgment denying the "Physician's Application for Order to Authorize Psychoactive Medication."