COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-116-CV

 

 

IN THE MATTER OF C.S.                                                                      

 

 

                                                                                                        

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant C.S. appeals an
order authorizing the administration of psychoactive medication.  In her first issue, she contends that the
evidence was factually insufficient to prove that she was under a court order
to receive inpatient mental health services. 
In her second issue, she argues that the evidence was legally and
factually insufficient to show either that she lacked the capacity to make a
decision regarding the administration of medication or that administration of
the medication was in her best interest. 
We sustain Appellant=s first issue and reverse and remand.

BACKGROUND

Appellant has been diagnosed
with schizoaffective disorder, bipolar type.[1]  On March 9, 2006, Dr. Waseem Ahmed[2]
filed an application for an order to authorize administration of psychoactive
medication to Appellant under Texas Health and Safety Code section 574.104[3]
because Appellant was not complying with her treatment.  The hearing on this order was held on March
20, 2006, at the Wichita Falls campus of the North Texas State Hospital System,
where Appellant has been receiving services since November 2000.








Before beginning the hearing,
the trial court stated that it would Atake judicial notice of the contents of this file as of today=s date and time.@  The file included Dr. Ahmed=s application for the order to authorize psychoactive medications but
no order for temporary or extended inpatient mental health services.[4]  Dr. Ahmed and Appellant were the only two
witnesses to testify at the hearing.

Dr. Ahmed testified that
Appellant was delusional,[5]
lacked the capacity to make a decision regarding the administration of her
prescribed medication,[6]  and refused several times to take medication
voluntarily.  He has prescribed mood
stabilizers, antipsychotics, antidepressants, sedatives, hypnotics, and
anxiolytics for her treatment.  He
testified that once medicated, Appellant may benefit from a better quality of
life, including fewer mental illness symptoms and hospitalizations.[7]








At trial, Appellant stated
that she did not want to take any more of these medications because they make
her sluggish, are hard on her heart, make her very sick, and prevent her from
sleeping.  She denied making the
delusional statements.

At the close of evidence, the
court determined that the benefits of administering the medications were greater
than the risks.  The court granted the
requested authorization, stating Athat all terms and provisions of the Texas Health & Safety Code
have been complied with and after considering all of the evidence and testimony
presented, the Court finds that the facts alleged in the application are true
and correct and supported by clear and convincing evidence.@

 

 








FACTUAL SUFFICIENCY UNDER
SECTION 574.106(a)(1) 

In her first issue, Appellant
argues that the trial court erred by authorizing the administration of
psychoactive medications to her because the State failed to prove that she was
under a court order to receive inpatient mental health services, thereby
failing to satisfy section 574.106(a) of the Texas Health and Safety Code.[8]  She does not dispute that she was a patient
at the North Texas State Hospital and that Dr. Ahmed was her treating
physician.  The State counters that it
was not required to present evidence to show that Appellant was under such a
court order and that the evidence presented at trial and in the judicially
noticed documents was factually sufficient to prove that she was already under
such an order.








Section 574.102 states that this particular subchapter
pertains to the application of medication to a patient Asubject to an
order for inpatient mental health services under this chapter or other law.@  Tex.
Health & Safety Code Ann. ' 574.102.  Section 574.106(a)(1)
reiterates that a court may issue an order authorizing the administration of
psychoactive medication to a patient who Ais under a court order to receive inpatient mental health services.@  Id. ' 574.106(a)(1).  Therefore, the
presence or absence of sufficient factual evidence of an inpatient mental
health services court order is a critical first step in determining whether a
court may properly issue an order authorizing the administration of
psychoactive medication.  See, e.g.,
In re F.M., 183 S.W.3d 489, 500 (Tex. App.CHouston [14th Dist.] 2005, no pet.) (stating that a trial court may
issue an order authorizing the administration of psychoactive medication only
if the proposed patient is under a valid order for temporary or involuntary
mental health services).








An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar, 395
S.W.2d 821, 823 (Tex. 1965).  We are
required to consider all of the evidence in the case in making this
determination, not just the evidence that supports the finding.  Mar. Overseas Corp. v. Ellis, 971
S.W.2d 402, 406‑07 (Tex.), cert. denied, 525 U.S. 1017 (1998).

In factual insufficiency
cases, our opinion must detail the evidence relevant to the issue in
consideration and clearly state why the finding is factually insufficient or is
so against the great weight and preponderance as to be manifestly unjust, why
it shocks the conscience, or why it clearly demonstrates bias.  Pool v. Ford Motor Co., 715 S.W.2d
629, 635 (Tex. 1986) (op. on reh=g).  Further, our opinion must
state in what regard the contrary evidence greatly outweighs the evidence in
support of the finding.  Id.; see
also Lofton v. Tex. Brine Corp., 720 S.W.2d 804, 805 (Tex. 1986).  If the court of appeals sustains an issue
because the evidence is factually insufficient, it must reverse the judgment of
the trial court and remand for new trial. 
Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401‑02
(Tex. 1981) (opinion refusing writ n.r.e.). 
This court has no jurisdiction to render judgment based upon an
insufficient evidence issue or point.  B.J.
Valve & Fitting Co. v. Elliott Valve Repair Co., 679 S.W.2d 1, 1 (Tex.
1984).








The State first asserts that
section 574.106(a)(1)=s
requirement that the patient be under a court order to receive inpatient mental
health services Ais more
jurisdictional than evidentiary, and the State therefore is not required to
present any evidence of such an order.@  But while the statute does not
place a burden on the State to present such evidence, the evidence at trial
still must reflect that this statutory condition is met before applying section
574.106(a-1) and (b).  Texas Health & Safety Code Ann. ' 574.106(a-1), (b).  The
statutory language requires that for the trial court to order the psychoactive
medication, the patient must be under a court order to receive inpatient mental
health services.[9]  Id. ' 574.106(a)(1); F.M., 183 S.W.3d at 500. 

The State also claims that
the evidence presented at the hearing and contained in the judicially noticed
documents was factually sufficient to show that Appellant was under a court
order to receive inpatient mental health services.  Specifically, the State asserts that a
decision regarding the administration of medications under section 574.106 may
be based on the testifying doctor=s application.








Under the Texas Rules of
Evidence, a judicially noticed fact must be one not subject to reasonable
dispute in that it is either (1) generally known within the territorial
jurisdiction of the trial court or (2) capable of accurate and ready
determination by resort to sources whose accuracy cannot reasonably be
questioned. Tex. R. Evid. 201(b).  The Texas Rules of Evidence apply to
proceedings involving court‑ordered mental health services to the extent
they are not inconsistent with this subtitle of the Texas Health and Safety
Code.  Tex. Health & Safety Code Ann. ' 574.031(e).  A court may take
judicial notice of its own files, but it cannot take judicial notice of the
truth of any allegations contained in its records.  Barnard v. Barnard, 133 S.W.3d 782,
789 (Tex. App.CFort Worth
2004, pet. denied).  It is appropriate
for a court to take judicial notice of a file in order to show that the
documents in the file are a part of the court=s files, that they were filed with the court on a certain date, and
that they were before the court at the time of the hearing.  See Laidlaw Waste Sys. (Dallas), Inc. v.
City of Wilmer, 904 S.W.2d 656, 660 (Tex.1995) (stating that pleadings are
not competent evidence, even if sworn or verified) and Trimble v. Tex. Dep=t of Protective & Regulatory Servs., 981 S.W.2d 211, 215 (Tex. App.CHouston [14th Dist. 1998, no pet.) (approving judicial notice by a
trial court of its own records in matters that are generally known, easily
proven, and not reasonably disputed).








Even assuming, without
deciding, that the trial court could take judicial notice of the contents of a
sworn application filed under section 574.106, there would still be factually
insufficient evidence here to show that Appellant was under an order for mental
health services.[10]  Here, Dr. Ahmed=s sworn application states that A[t]he patient is under an order for temporary or extended
mental health services under section 574.034 [or] 574.035 or an
application for court‑ordered mental health services under section
574.034 or 574.035 has been filed for the patient.@ [Emphasis added].  Judicial
notice can be taken of the fact that the application was made, but even if it
were appropriate to take judicial notice of any allegations contained within
the application, Dr. Ahmed=s statement above provides no verifiable fact for the trial court to
find; it makes no definite assertion that could be readily ascertained.  Instead, it merely lists alternatives. 








Other evidence that the State
cites to bolster its factual sufficiency argument are various remarks made at
the psychoactive medications hearing. 
Dr. Ahmed made mention of a Acommitment,@ in his
testimony, however, there is no information in the record that elaborates or
explains to what he referred.[11]  Dr. Ahmed also testified that the medications
sought in the order would Ahelp [C.S.] to get discharged from the hospital@ and that if she improved through the medications, Awe would be able to transfer her there to outpatient care in the less
restrictive setting.@  No direct reference is made to Appellant
being under an order for mental health services.[12]








If there had been an order
for mental health services under any of the sections listed in Dr. Ahmed=s statement in the application, and had the order been present in the
trial court=s file, its
presence would then be judicially noticeable even if the facts contained
therein were not.  See Barnard,
133 S.W.3d at 789.  Instead, the order,
if any, and the extensive documentation required to obtain it, are conspicuous
only by their absence.[13]  Therefore, we sustain Appellant=s first issue because the evidence, testimonial or otherwise, is
factually insufficient to prove that she was under a court order to receive
inpatient mental health services.  Any
court order to receive inpatient mental health services under section
574.106(a)(1) was not in the file, nor was it directly addressed at the
hearing.  And without evidence sufficient
for a finding that Appellant was under a court order to receive inpatient mental
health services, the court could not then address the requirements of section
574.106(a‑1)(1) and (b).  Tex. Health & Safety Code Ann. ' 574.106(a-1)(1),
(b).








Although we sustain Appellant=s first issue, which grants her a reversal and remand for a new trial,
we must still address the legal sufficiency portion of Appellant=s second issue, because if we sustain this contention, we would be
required to render judgment in her favor.

LEGAL SUFFICIENCY UNDER
SECTION 574.106(a‑1)(1), (b)

In her second issue,
Appellant complains that the trial court erred by authorizing the
administration of psychoactive medications to her because the State failed to
prove by clear and convincing evidence that she lacked the capacity to make a
decision regarding the administration of the proposed medications under section
574.106(a-1)(1) of the Texas Health and Safety Code and that treatment with the
proposed medications was in her best interest based on the statutory factors
set forth in section 574.106(b).  The
State counters that the evidence at trial was legally sufficient for the trial
court to issue its order authorizing psychoactive medication to Appellant.








Clear and convincing evidence
is that measure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.  Tex. Fam. Code Ann. ' 101.007 (Vernon 2002); Tex.
Civ. Prac. & Rem. Code Ann. ' 41.001(2) (Vernon Supp. 2006); Transp. Ins. Co. v. Moriel, 879
S.W.2d 10, 31 (Tex. 1994).  This
intermediate standard falls between the preponderance standard of civil
proceedings and the reasonable doubt standard of criminal proceedings.  In re G.M., 596 S.W.2d 846, 847 (Tex.
1980); State v. Addington, 588 S.W.2d 569, 570 (Tex. 1979).  While the proof must weigh heavier than
merely the greater weight of the credible evidence, there is no requirement
that the evidence be unequivocal or undisputed. 
Addington, 588 S.W.2d at 570.








This higher burden of proof
elevates the appellate standard of legal sufficiency review.  Diamond Shamrock Ref. Co. v. Hall, 168
S.W.3d 164, 170 (Tex. 2005); Sw. Bell Tel. Co. v. Garza, 164 S.W.3d 607,
622, 625 (Tex. 2004).  In reviewing the
evidence for legal sufficiency, we must determine whether the evidence is such
that a fact-finder could reasonably form a firm belief or conviction that its
finding was true.  Hall, 168
S.W.3d at 170; Garza, 164 S.W.3d at 627. 
We must review all the evidence in the light most favorable to the
finding.  Hall, 168 S.W.3d at 170;
Garza, 164 S.W.3d at 627.  This
means that we must assume that the fact-finder resolved any disputed facts in
favor of its finding if a reasonable fact-finder could have done so.  Hall, 168 S.W.3d at 170; Garza,
164 S.W.3d at 627.  We must also
disregard all evidence that a reasonable fact-finder could have
disbelieved.  Hall, 168 S.W.3d at
170; Garza, 164 S.W.3d at 627.  We
must consider, however, undisputed evidence even if it is contrary to the
finding.  City of Keller v. Wilson,
168 S.W.3d 802, 817 (Tex. 2005); Hall, 168 S.W.3d at 170.  That is, we must consider evidence favorable
to the finding if a reasonable fact-finder could, and disregard evidence
contrary to the finding unless a reasonable fact-finder could not.  City of Keller, 168 S.W.3d at 827.

Section 574.106(a-1)(1)
states that

[t]he
court may issue an order under this section only if the court finds by clear
and convincing evidence after the hearing that the patient lacks the capacity
to make a decision regarding the administration of the proposed medication and
treatment with the proposed medication is in the best interest of the patient;

 

Tex. Health & Safety
Code Ann. '
574.106(a-1)(1).  ACapacity@ in this
context means the patient=s ability to
understand the nature and consequences of a proposed treatment, including the
benefits, risks, and alternatives therefrom, and to make a decision whether to
undergo that treatment.  Id. ' 574.101(1)(A),(B).  Section
574.106(b) lists the items a court may consider to determine that treatment is
in the patient=s best
interests:

(1)
the patient=s
expressed preferences regarding treatment with psychoactive medication;

 

(2)
the patient=s
religious beliefs;

 

(3)
the risks and benefits, from the perspective of the patient, of taking
psychoactive medication;

 

(4)
the consequences to the patient if the psychoactive medication is not
administered;

 

(5)
the prognosis for the patient if the patient is treated with psychoactive
medication;

 








(6)
alternative, less intrusive treatments that are likely to produce the same
results as treatment with psychoactive medication; and

 

(7) less intrusive treatments
likely to secure the patient=s agreement to take the psychoactive medication.

Id. ' 574.106(b).

Dr. Ahmed testified that
Appellant lacked the capacity to make a decision regarding the administration
of her prescribed medications and had refused to take them voluntarily.  He testified that while on these medications,
Appellant had not required restraint seclusion and that she could be put in a
less restrictive setting if she continued to show progress with the
medications. Appellant disagreed that the medications were in her best interest
and testified that she would prefer that they be discontinued because they made
it Aa little hard to breathe.@  After observing and listening
to testimony from both Dr. Ahmed and Appellant during the hearing, the trial
judge could have reasonably formed a firm belief or conviction that Appellant
lacked the ability to understand the nature and consequences of taking the
medications or to make a decision








regarding their administration.[14]  Id.
'' 574.106(a‑1)(1), 574.101(1)(A),(B); See Hall, 168 S.W.3d
at 170, and Garza, 164 S.W.3d at 627.

Appellant made clear her
preference not to take the medications and indicated that she did not consider
the benefits from taking the medication to outweigh the risks.[15]  Her religious beliefs were not
addressed.  Dr. Ahmed testified that
Appellant suffers from delusions, but if treated with the medications, she
might benefit from a better quality of life and that her prognosis under
treatment was positive.  According to his
testimony, the alternative to the court-ordered medication was
electroconvulsive therapy. Appellant did not seek a reduction in the
medications, as a less intrusive treatment, but rather a complete
discontinuation.








It is undisputed that
Appellant has a serious mental health condition for which she has been treated
by Dr. Ahmed at the North Texas State Hospital. 
Although Appellant disputed Dr. Ahmed=s testimony about her delusions, there is no requirement that the
evidence be unequivocal or undisputed in order to be clear and convincing.  Addington, 588 S.W.2d at 570.  Based on the testimony presented by both Dr.
Ahmed and Appellant at the hearing and viewed in the light most favorable to
the finding, the trial judge could have reasonably formed a firm belief that
Appellant both lacked the capacity to make a decision regarding the
administration of the proposed treatment and that the proposed medication was
in her best interest.  We overrule
Appellant=s second
issue.

CONCLUSION

Having sustained only
Appellant=s first
issue, we reverse the trial court=s judgment and remand the case for further proceedings.  See Tex.
R. App. P. 43.2(d).

 

 

 

DIXON W. HOLMAN

JUSTICE

 

 

 

PANEL
A:  LIVINGSTON, HOLMAN, and WALKER, JJ.

 

DELIVERED:  October 12, 2006     











[1]In addition to her psychiatric
disorder, Appellant also suffers from hydrocephalus, a pressure on the brain,
which is not subject to being cured medically. 
She has a shunt to manage the pressure.





[2]Dr. Ahmed is Appellant=s physician.  He has been treating her for approximately
two years.





[3]Under section 574.104(a), a
physician who is treating a patient may file an application for an order to
authorize the administration of a psychoactive medication on behalf of the
State.  Tex.
Health & Safety Code Ann. ' 574.104(a) (Vernon Supp. 2006).





[4]Under Texas Rule of Appellate
Procedure 34.5(c), this court has the authority to supplement the clerk=s record with any Arelevant item@ that has been omitted from the
clerk=s record.  Tex. R. App. P. 34.5(c).  On September 27, 2006, the clerk of this
court contacted the clerk of the trial court to determine whether the trial
court=s file contained an order for
temporary or extended inpatient mental health services.  The trial court=s clerk informed this court that
the file did not contain any such order.





[5]Dr. Ahmed testified that one of
Appellant=s delusions was her belief that she
was actually someone else and had been kidnapped from her parents by her
current parents.  Another delusion was
that she could go to Harvard Medical School and be a doctor there.  Appellant is around fifty years old.





[6]Dr. Ahmed testified that Appellant Ahas limited ability to understand
and acknowledge the need for medication and benefits and risks of medication.@





[7]The alternative to court‑ordered
medication mentioned by Dr. Ahmed was electroconvulsive therapy, but he
testified that this treatment was not indicated at the time because it is
usually used when the medications do not work or when the patient is
significantly dangerous to herself or others or is pregnant.  Common side effects of the prescribed
medications include sedation, drooling, and abnormality in blood cells and
liver function; in extreme situations, death may result.  Dr. Ahmed testified that Appellant has been
maintaining normal white blood cell count for a long period of time and that
she has not shown any symptoms of either tardive dyskinesia or neuroleptic
malignant syndrome.  Tardive dyskinesia
is the involuntary movement of limbs, face, or tongue as a result of long-term
therapy with antipsychotic drugs.  Random
House Unabridged Dictionary (2006), available at http://dictionary.reference.com/browse/tardive
dyskinesia.  Neuroleptic malignant
syndrome is hyperthermia in reaction to the use of neuroleptic drugs,
accompanied by extrapyramidal and autonomic disturbances that may be fatal. The American Heritage Stedman=s Medical
Dictionary (2002), available
at  http://dictionary.reference.com/browse/neuroleptic
malignant syndrome.





[8]At one point in her argument,
Appellant states that the evidence submitted to prove section 574.106(a)(1) is
factually insufficient under the Aclear and convincing@ standard.  The
earlier version of section 574.106(a) did require this higher burden of proof,
stating that the court may issue an order authorizing the administration of one
or more classes of psychoactive medication only if the court finds by clear and
convincing evidence after the hearing that the patient is under an order for
temporary or extended mental health services under section 574.034 or
574.035.  Act of May 24, 1995,  74th Leg., R.S., ch. 770, ' 12, 1995 Tex. Gen. Laws 4015, 4019
(amended 2005) (current version at Tex.
Health & Safety Code Ann. ' 574.106(a)-(a-1) Vernon Supp. 2006)); see also Tex. Health & Safety Code Ann. ' 574.034 (Vernon 2005), ' 574.035.  The current version requires clear and
convincing evidence only in the second part of the statutory requirements for
an order authorizing psychoactive medication.  Tex. Health & Safety Code Ann. ' 574.106(a-1)(1).





[9]The alternative is for the patient
to be in custody awaiting trial in a criminal proceeding after being ordered to
receive inpatient mental health services during the six months preceding the
hearing for an order to authorize psychoactive medication.  Id. ' 574.106(a)(2).  This alternative is not applicable to these
facts.





[10]See, e.g., In re E.T., 137 S.W.3d 698, 699‑700
(Tex. App.CSan Antonio 2004, no pet.) (stating
that nothing in the Texas Health and Safety Code authorizes a judge to base his
best interest finding under section 574.106(b) on the application for an order
to authorize psychoactive medication).  Cf.
In re R.S.C., 921 S.W.2d 506, 508 (Tex. App.CFort Worth 1996, no pet.)
(involving both a judgment for court‑ordered temporary inpatient mental
health services and an order to authorize the administration of psychoactive
medication).  At R.S.C.=s psychoactive medications hearing,
the court did take judicial notice of the contents of the file but granted the
order based on all the evidence, which included testimony.  Id. at 510‑11.  In the separate judgment on court‑ordered
temporary mental health services, the court made its findings based upon the
certificates of medical examination for mental illness. Id. at 510.  Section 574.034(f) permits a court to make
such findings. Tex. Health & Safety
Code Ann.' 574.034(f).





[11]His statement was, with regard to
placing seven‑day limitations on some of the medication, that he did this
Ain the feeling that she has on the
13th of 2006, for the commitment, there was some procedural reasons that
medication hearing was not conducted.@  This statement is
too vague to determine what he meant. 

In the trial court=s preliminary findings checklist,
psychoactive medication was the only topic addressed although there are boxes
to check beside Atemporary commitment@ and Aextended commitment@ in addition to subcategories
describing the types of commitment available under each.





[12]The State also argues that
Appellant made no assertion at trial that she was not subject to court‑ordered
mental health services.  However, a
party may raise complaints about the factual sufficiency of the evidence in a
nonjury trial for the first time on appeal. 
Tex. R. Civ. P.
324(a)-(b); Tex. R. App. P.
31(d); Betts v. Reed, 165 S.W.3d 862, 867 (Tex. App.CTexarkana
2005, no pet.); Regan v. Lee, 879 S.W.2d 133, 135-36 (Tex. App.CHouston
[14th Dist.] 1994, no writ).





[13]To hold a hearing on an application
for court‑ordered mental health services, section 574.009 requires that
there be on file with the court Aat least two certificates of medical examination for mental
illness completed by different physicians each of whom has examined the
proposed patient during the preceding 30 days.@ 
Tex. Health & Safety Code Ann.
' 574.009(a).  The certificate must be sworn to, dated, and
signed by the examining physician and must include a significant amount of
information about diagnosis and treatment. 
Id. ' 574.011(a)(1)‑(7), (b).  The certificate must include the detailed
reason for each of the examining physician=s opinions.  Id.
' 574.011(e).





[14]There were several places in the
record of Appellant=s testimony where she either did
not answer or answered only after being prompted.  Her answers were also occasionally
disjointed.  In response to a question
about whether she always took the medications that she was supposed to take,
she responded that A[b]ut it wasCit made meCitCthen it made me realCvery, very sick, because it hurtCit hurt my heart.@





[15]She stated that the medications
were making her sluggish, were hard on her heart, made it more difficult to
breathe through her nose, and that she could not sleep with the psychotropic
drugs.  She disputed making delusional
statements.