# NO. 12-12-00267-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS* | § | *APPEAL FROM THE* |
| *FOR THE BEST INTEREST* | § | *COUNTY COURT AT LAW* |
| *AND PROTECTION OF K.M.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

K.M. appeals from an order authorizing the Texas Department of State Health Services to administer psychoactive medication-forensic. In one issue, K.M. asserts the evidence is legally and factually insufficient to support the trial court's order. We reverse and render.

## BACKGROUND

On July 19, 2012, a criminal court rendered an order for in-patient mental health services issued under Chapter 46B of the Texas Code of Criminal Procedure, the statute relating to incompetency to stand trial. On July 27, 2012, an application for court ordered authorization for the administration of psychoactive medication-forensic was filed. The application was prepared by a physician, Dr. S. Lahiri. Dr. Lahiri diagnosed K.M. as suffering from Bipolar Disorder, manic. K.M. refused to take medication voluntarily. The doctor indicated that K.M. lacks the capacity to make a decision regarding administration of psychoactive medication because he is acutely manic and psychotic with poor insight and impaired judgment. Dr. Lahiri stated that the medication is the proper course of treatment and if K.M. is treated with the psychoactive medication, his prognosis is fair, with restoration of competency. If the medication is not administered, the consequences would be poor, with no clinical improvement. Dr. Lahiri believed that the benefits of the psychoactive medication outweigh the risks of such medication in relation to present medical treatment and K.M.'s best interest.

At the hearing on the application, Dr. Jill Pontius testified that she reviewed K.M.'s medical records and she agrees that K.M. lacks the capacity to make a decision about taking medication. She agreed with Dr. Lahiri's statement that K.M. is acutely manic and psychotic with poor insight and impaired judgment. Dr. Pontius had not met K.M. prior to the day of the hearing, and she never spoke to him. She testified that the requested medications would be in the proper course of treatment and in his best interest. Also, she testified, there is a good chance K.M. will improve with medication. Further, his likelihood of regaining competency is much improved if his Bipolar Disorder is treated.

K.M. testified describing his first visit with Dr. Lahiri as lasting no more than two minutes. He responded "no" to the doctor's inquiry as to whether he wanted to take medications, and then he left the room. He stated that he is much more competent than the average person and does not need the medications. In fact, he asserted, the medications would be detrimental. He explained that the medications "sever one's feelings, the body from their feelings." The court found that K.M. lacks the capacity to make a decision regarding administering medication and it is in K.M.'s best interest to grant the application. Accordingly, the court rendered an order authorizing the administration of psychoactive medication.

## CAPACITY

In his sole issue, K.M. contends the evidence is legally and factually insufficient to support the order to administer psychoactive medication. He contends the State did not prove by clear and convincing evidence that he lacks the capacity to make a decision regarding the administration of the proposed medication. He further argues that the State did not prove that treatment with the proposed medication was in his best interest. He argues that Dr. Pontius's opinion is not shown to have a sufficient basis in fact.

### Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. This does

2

not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id*.

**Applicable Law**

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. *Id*. § 574.106(a-1). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). "Capacity" means a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.101(1) (West 2010). In making its findings, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if the patient is treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (West 2010).

**Analysis**

Dr. Lahiri did not testify at the hearing. Dr. Pontius testified briefly after reviewing K.M.'s medical record. She never interviewed or treated K.M. She merely agreed with Dr. Lahiri's findings. She stated that she agrees that K.M. lacks the capacity to make a rational decision regarding taking psychoactive medications and is acutely manic and psychotic with poor insight and impaired judgment. She testified that there is a good chance he will improve with medication and the requested medications are in the proper course of treatment and in

3

K.M.'s best interest. She further stated that he will require medications to become competent and the likelihood of his regaining competency is much improved if his Bipolar Disorder is treated.

Nothing in the Texas Health and Safety Code regarding court ordered administration of psychoactive medication authorizes a trial court to base its findings solely on the physician's application. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.101-.110 (West 2010). Pleadings, such as the physician's application here, are not evidence that the statutory standard has been met. *See id*. § 574.031(e) (West 2010) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are inconsistent with the subtitle); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.–San Antonio 2004, no pet.). At the hearing, Dr. Pontius did not explain why she believed K.M. lacked the capacity to make a rational decision regarding the administration of psychoactive medication. Thus, there was no evidence regarding why K.M. lacked the capacity to make a decision regarding administration of psychoactive medications. *See In re E.G.*, 249 S.W.3d 728, 731-32 (Tex. App.–Tyler 2008, no pet.). Further, a conclusory statement by Dr. Lahiri in the application, without any testimony or explanation at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See Addington*, 588 S.W.2d at 570.

Thus, considering all the evidence in the light most favorable to the findings, we conclude that a reasonable trier of fact could not have formed a firm belief or conviction that K.M. lacked the capacity to make a decision regarding administration of the proposed medications and that treatment with the proposed medications was in his best interest. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1); *In re J.F.C.*, 96 S.W.3d at 266. Consequently, the evidence is legally insufficient to support the trial court's findings based upon Section 574.106 of the Texas Health and Safety Code. Having determined that the evidence is legally insufficient, we need not address K.M.'s argument that the evidence is factually insufficient to support the trial court's findings. *See* TEX. R. APP. P. 47.1. We sustain K.M.'s sole issue.

## DISPOSITION

Based upon our review of the record, we have concluded that the evidence is legally insufficient to support the trial court's order authorizing the administration of psychoactive

medication-forensic.  Therefore, we *reverse* the trial court's order authorizing the administration of psychoactive medication-forensic and *render* judgment denying the State's application for an order to administer psychoactive medication-forensic.

<u>**SAM GRIFFITH**</u>
Justice

Opinion delivered July 3, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 3, 2013

## NO. 12-12-00267-CV

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF K.M.**

Appeal from the County Court at Law
of Cherokee County, Texas. (Tr.Ct.No. 39,926)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the trial court's order authorizing the administration of psychoactive medication-forensic.

It is ORDERED, ADJUDGED and DECREED by this court that the trial court's order authorizing the administration of psychoactive medication-forensic be **reversed** and judgment **rendered** denying the State's application for an order to administer psychoactive medication-forensic; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*