### Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-15-00089-CV

The **STATE** of Texas for the Best Interest and Protection of **G.O.R.** Jr., a Mentally Ill Person

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2015-MH-0403
Honorable Kelly Cross, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Karen Angelini, Justice
          Rebeca C. Martinez, Justice
          Patricia O. Alvarez, Justice

Delivered and Filed:  June 19, 2015

REVERSED AND RENDERED

Appellant G.O.R. was committed to the San Antonio State Hospital for the purpose of attaining competency to stand trial. While G.O.R. was committed, the trial court granted the State's application for an order to authorize psychoactive medication. On appeal, G.O.R. argues—and the State concedes—the evidence is legally and factually insufficient under the statutory provision on which the trial court relied. We also agree; we reverse the trial court's order authorizing psychoactive medication and render judgment denying that application.

### BACKGROUND

G.O.R. was determined to be incompetent to stand trial by a Victoria County district court. The district court ordered G.O.R. committed to the San Antonio State Hospital for the purpose of attaining competency to stand trial. While G.O.R. was committed, he was treated by Dr. Vicky

Litton, a hospital psychiatrist. At the hearing on the State's application, Dr. Litton testified she was G.O.R.'s treating physician, and she had diagnosed him as having a psychotic disorder, not otherwise specified. She testified several times that G.O.R. was not a danger to himself or others, and G.O.R. "has not created any behavioral difficulty whatsoever since he's been here." G.O.R. testified that he does not believe he is mentally ill, he has never had a previous diagnosis of mental illness, he has attended competency restoration classes at the hospital, and he wants to return to Victoria County to address the criminal complaint. The trial court granted the State's application and issued the order. G.O.R. appeals.

## AUTHORITY TO COMPEL PSYCHOACTIVE MEDICATION

A court may issue an order to compel psychoactive medications while the patient is awaiting trial in a criminal proceeding. TEX. HEALTH & SAFETY CODE ANN. § 574.106 (West 2010); *State ex rel. E.G.*, 249 S.W.3d 728, 730 (Tex. App.—Tyler 2008, no pet.); *see In re E.T.*, 137 S.W.3d 698, 699 (Tex. App.—San Antonio 2004, no pet.). The relevant portion of the authorizing statute reads as follows:

> (a-1) The court may issue an order under this section only if the court finds by clear and convincing evidence after the hearing:
>
>> (1) that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient; or
>>
>> (2) if the patient was ordered to receive inpatient mental health services by a criminal court with jurisdiction over the patient, that treatment with the proposed medication is in the best interest of the patient and either:
>>
>>> (A) the patient presents a danger to the patient or others in the inpatient mental health facility in which the patient is being treated as a result of a mental disorder or mental defect as determined under Section 574.1065; or
>>>
>>> (B) the patient:
>>>
>>>> (i) has remained confined in a correctional facility, as defined by Section 1.07, Penal Code, for a period exceeding 72 hours while awaiting transfer for competency restoration treatment; and

> (ii) presents a danger to the patient or others in the correctional facility as a result of a mental disorder or mental defect as determined under Section 574.1065.

TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1); *see E.G.*, 249 S.W.3d at 730; *see also Staley v. State*, 420 S.W.3d 785, 799 (Tex. Crim. App. 2013); *R.M. v. State ex rel. Travis Cnty. Att'y*, No. 03-08-00317-CV, 2008 WL 4368544, at *4–5 (Tex. App.—Austin Sept. 26, 2008, no pet.) (mem. op.). If the fact-finder makes such findings, the patient may challenge the sufficiency of the evidence pertaining to the findings. *See E.G.*, 249 S.W.3d at 730.

## STANDARD OF REVIEW

"In evaluating evidence for legal sufficiency under a clear and convincing standard, we review all the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true." *State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010) (citing *In re. J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)); *see City of Keller v. Wilson*, 168 S.W.3d 802, 817, 827 (Tex. 2005). We must "resolve disputed fact questions in favor of the finding if a reasonable factfinder could have done so, and we disregard all contrary evidence unless a reasonable factfinder could not have done so." *K.E.W.*, 315 S.W.3d at 20; *accord City of Keller*, 168 S.W.3d at 817. "If, after conducting [our] legal sufficiency review of the record evidence, [we] determine[] that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then [we] must conclude that the evidence is legally insufficient." *In re J.F.C.*, 96 S.W.3d at 266; *accord J.M. v. State*, 178 S.W.3d 185, 192 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (quoting *In re J.F.C.*).

## INSUFFICIENT EVIDENCE

In its order to compel psychoactive medications while awaiting trial in a criminal proceeding, the trial court cited and relied on Texas Health and Safety Code section 574.106 as its authority to issue the order. It found, inter alia, that G.O.R. "presents a danger to [himself] or

others in the inpatient mental health facility in which [G.O.R.] is being treated as a result of a mental disorder or mental defect as determined under Texas Health and Safety Code Section 574.1065." *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1)(2)(A); *E.G.*, 249 S.W.3d at 730.

At the hearing, only two witnesses testified: Dr. Litton and G.O.R. Dr. Litton testified several times that G.O.R. was not a danger to himself or others, and G.O.R. "has not created any behavioral difficulty whatsoever since he's been here." G.O.R. testified "I've never been disruptive to any civilians or society." Neither witness testified that G.O.R. was a danger to himself "or others in the inpatient mental health facility in which [G.O.R.] is being treated." *Contra* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1)(2)(A); *E.G.*, 249 S.W.3d at 730. In fact, both testified to the contrary.

Having reviewed the evidence in the light most favorable to the trial court's ruling, *see* *K.E.W.*, 315 S.W.3d at 20, we agree with G.O.R. and the State that there is no evidence that G.O.R. was a danger to himself or others, and the trial court could not have found by clear and convincing evidence that he was. The evidence is legally insufficient—and thus also factually insufficient— to support an essential statutory element required to order psychoactive medications. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1)(2)(A); *E.G.*, 249 S.W.3d at 730.

## CONCLUSION

We reverse the trial court's order to compel psychoactive medication and render judgment denying the State's application for an order to compel psychoactive medication.

Patricia O. Alvarez, Justice